UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 2:25-cr-131-SPC-NPM

JOHN JAMES ADDUCCI

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 2253 and Federal Rules of Criminal Procedure 32.2(b)(2), to enter a preliminary order of forfeiture for the following assets which were seized from the defendant's residence on or about June 25, 2025:

a. Black WD Elements Hard Drive, serial number 3MGLBPYU;

b. HP laptop, Model 17t-k200, serial number 5CD5287JY;

c. Western Digital Black External hard drive, serial number WXT1E59CM76H;

d. Four SanDisk USB drives;

e. Eitomin Tablet;

f. HP HDX laptop, serial number CNF9424XWB;

g. Samsung S10 Plus, serial number R38M20K15PA; and

h. Black Samsung.

In support, the United States submits the following.

# MEMORANDUM OF LAW

I. **Statement of Facts**

    A. **Allegations Against the Defendant**

    1. The defendant was charged in a Superseding Information with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count One) and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count Two). Doc. 49.

    2. The Superseding Information contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 2253, the United States would seek to forfeit the electronic equipment, identified on page one, above. *Id.* at 2-3.

    B. **Finding of Guilt and Admission of Facts Related to Forfeiture**

    3. On December 1, 2025, without the benefit of a plea agreement, the defendant pled guilty to Counts One and Two of the Superseding Information. Docs. 57 and 58. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 62.

    4. The defendant's plea to the charges, and the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis (Doc. 52) established that the defendant possessed and received child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(2). Specifically, from February 6, 2023, through June 25, 2025, the defendant knowingly possessed and accessed child pornography that he searched for and downloaded from the

internet. Doc. 52 at 4. On June 25, 2025, while executing three search warrants for his residence, vehicle, and person, FBI agents and task force officers encountered the defendant as he leaving the residence carrying two bags. *Id.* Agents located and seized a Black Samsung and a SanDisk Ultra 3.0 250 GB within the bags the defendant had been holding. *Id.* During the execution of the residential search warrant, the FBI found multiple electronic devices to include three cellular phones, three laptops, and twenty-two external hard drives. *Id.* In addition, FBI located Faraday bags containing, among other things, multiple USB drives, external hard drives, a Samsung Galaxy S7, and a Samsung Galaxy S10 Plus. *Id.* at 4-5. An FBI computer forensic analyst previewed the black WD Elements Hard Drive, serial number 3MGLBPYU, located on the defendant's bedside table in the bedroom which revealed in excess of 450 child sexual abuse material files depicting prepubescent children engaged in sexual acts. *Id.* at 5. A review of four of the USBs found within the Faraday bag revealed approximately 20,000 videos and 205,000 images of child sexual abuse material. *Id.* at 6. Additionally, a review of the following items seized from the defendant's residence on June 25, 2025, revealed child sexual abuse material:

    1. HP laptop, Model 17t-k200, serial number 5CD5287JY;

    2. Western Digital Black External hard drive, serial number WXT1E59CM76H;

    3. Eitomin Tablet;

    4. HP HDX laptop, serial number CNF9424XWB;

      5. Samsung S10 Plus, serial number R38M20K15PA; and

      6. Black Samsung cell phone.

*Id.* at 6.

## II.   <u>Applicable Law</u>

Pursuant to 18 U.S.C. § 2253, the United States is authorized to forfeit any property used, or intended to be used, to commit or to promote the commission of child pornography offenses, or any property traceable to such property.

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The Court must do so as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established by the defendant's plea and in the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, the defendant possessed and received child pornography and used the electronic equipment, identified above, to commit these offenses. Therefore, the assets are subject to forfeiture pursuant to 18 U.S.C. § 2253.

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the electronic equipment identified on page one, above. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the preliminary order of forfeiture in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the assets, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings,

and to enter any further order necessary for the forfeiture and disposition of such property.

           Respectfully submitted,

           GREGORY W. KEHOE
           United States Attorney


By: s/ *Suzanne C. Nebesky*
   SUZANNE C. NEBESKY
   Assistant United States Attorney
   Fla. Bar No. 59377
   400 N. Tampa Street, Suite 3200
   Tampa, Florida 33602
   Tel: (813) 274-6000
   E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

           s/ *Suzanne C. Nebesky*
           SUZANNE C. NEBESKY
           Assistant United States Attorney