UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 2:25-cr-131-SPC-NPM

JOHN JAMES ADDUCCI

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, files this sentencing memorandum seeking a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.  In furtherance of that objective, the United States respectfully submits that a sentence of **262-months imprisonment**—a sentence *within* the correctly-calculated advisory guidelines range noted in the Presentence Investigation Report ("PSR")—is appropriate and necessary to achieve the statutory goals of sentencing. *See* 18 U.S.C. § 3553(a)(2); Doc. 73 at ¶¶ 52 and 98.[1]

## MEMORANDUM OF LAW

The federal sentencing statute, 18 U.S.C. § 3553, as modified by *United States v. Booker,* 543 U.S. 220 (2005), "contains an overarching provision instructing district

---

[1] To the extent that the Court calculates a sentencing guidelines range below the range presently calculated in the PSR, the United States still believes that a sentence of 262-months is appropriate under the § 3553(a) factors and would request that the Court consider this memorandum as a motion for upward variance.

1

courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing, including 'to reflect the seriousness of the offense,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (*citing* 18 U.S.C. § 3553(a)). "The statute further provides that, in determining the appropriate sentence, the court should consider a number of factors, including 'the nature and circumstances of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established' by the Guidelines, 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.' In sum, while the statute still requires a court to give respectful consideration to the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* (internal quotations and citations omitted). As the Supreme Court explained in *Gall v. United States*, 552 U.S. 38 (2007):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should

then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id*. at 49-50 (internal citations omitted).

Unless otherwise prohibited by law, a sentencing court may consider, without limitation, any information, concerning the background, character, and conduct of a defendant in imposing an appropriate sentence, provided there are sufficient indicia of reliability to support the accuracy of such information. *United States v. Baptiste*, 935 F.3d 1304, 1314-1317 (11th Cir. 2019); *see* USSG §1B1.4 (Information to be Used in Imposing Sentence); *see also* 18 U.S.C. § 3661 (Use of Information for Sentencing). And such information may be considered when imposing a sentence within the applicable guideline range *and* when determining whether, and to what extent, to sentence outside the applicable guideline range, through either a departure or a variance. *See* USSG §1B1.4, comment. (backg'd). An individualized assessment of the facts present in this case demonstrates that there are aggravating factors concerning both the "nature and circumstances of the offense" and the "history and characteristics of the defendant" which support a sentence of 262-months imprisonment.

*First*, the sentence imposed should "reflect the seriousness of the offense," "promote respect for the law," " provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A) – (C). Here, the defendant had amassed an extremely large collection of child sexual abuse material. His collection included in excess of 200,000 images and more than 20,000 videos. The defendant had far in excess of 600 or more images; the defendant had in excess of 500,000 images and frames from videos. *See* U.S.S.G. § 2G2.2(b)(7), PSR ¶ 44, 117. Further, the defendant was found to have images still in his possession that he produced years prior of two pubescent minors engaged in sex acts that he kept in his collection. PRS ¶¶ 22-23, 26-28.

*Second*, the defendant has been possessing and receiving child pornography over several years. The defendant has sought out child pornography from the dark web, going to sites offering child pornography. His huge collection of child pornography has spilled over onto his laptops, external hard drives, and USB drives. The defendant's collection was not amassed on a single occasion.

In this case, the defendant's pattern of activity involving the sexual abuse or exploitation of a minor and the magnitude of the amount of images and videos depicting children being sexually abused should be considered in imposing a sentence to "promote [his] respect for the law," "afford adequate deterrence" to his

4

criminal conduct, and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(A) – (C).

## CONCLUSION

Given the facts and circumstances in this case, and to meet the enumerated goals of federal criminal sentencing as discussed above, the United States requests this Court to sentence the defendant to 262-months imprisonment.  Any lesser sentence would fail to adequately "reflect the seriousness of the offense, [and] to promote respect for the law," would fail to "afford adequate deterrence to criminal conduct," and would fail to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Yolande G. Viacava*
Yolande G. Viacava
Assistant United States Attorney
Florida Bar No. 0091415
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone:   (239) 461-2200
Facsimile:   (239) 461-2219
E-mail:  Yolande.viacava@usdoj.gov

**U.S. v. John James Adducci**        **Case No. 2:25-cr-131-SPC-NPM**

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Todd Alan Foster
tfoster@jpfirm.com

Kevin J. Darken
kdarken@jpfirm.com

*/s/ Yolande G. Viacava*
Yolande G. Viacava
Assistant United States Attorney
Florida Bar No. 0110310
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone:   (239) 461-2200
Facsimile:    (239) 461-2219
E-mail:  Yolande.viacava@usdoj.gov

6