## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA,

vs.                                              Case No.: 2:25-cr-131-SPC-NPM

JOHN JAMES ADDUCCI,
Defendant.

_____/

### DEFENDANT'S EMERGENCY MOTION TO
### AMEND JUDGMENT PURSUANT TO FEDERAL RULES OF
### CRIMINAL PROCEDURE 35(a) AND 36

Defendant John Adducci, by and through undersigned counsel, moves

pursuant to Federal Rules of Criminal Procedure 35(a) and 36 to amend the

Court's judgment (Doc 86) filed on March 25, 2026 and attached as **Exhibit 1**

by deleting Special Condition 8, which states "United States Probation Office

to assist in the collection of additional devices located at the defendant's

parents' house."  Special Condition 8 was not discussed at all in the Court's

oral pronouncement of sentence at the March 23, 2026 sentencing hearing,

which is attached as **Exhibit 2.**

The Defendant's parents, James and Elizabeth Adducci, are 74 year old

law-abiding citizens who are not subject to the supervision of the United

States Probation Office.  They reside in a Chicago suburb over 1200 miles

from John Adducci's residence in Ft. Myers.  According to unobjected-to

1

judgment and the oral pronouncement as a 'clerical error' in the written judgment that can be rectified in the district court pursuant to Rule 36 of the Federal Rules of Criminal Procedure"); *United States v. Valero,* 2025 U.S. App. LEXIS 2648, *4 (11th Cir., February 6, 2025) (per curiam) (same).

## BACKGROUND LAW ON CONFLICTS BETWEEN THE ORAL PRONOUNCEMENT OF SENTENCE VERSUS <u>THE WRITTEN JUDGMENT</u>

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates,* 213 F.3d 1336, 1340 (11th Cir. 2000); *Valero, supra* (same); *Hodgson, supra* (same).

"The Due Process Clause of the Fifth Amendment requires that a defendant receive notice of and an opportunity to object to his sentence. [Citation omitted] This requirement derives from the right to be present at 'critical stage[s] of [criminal] proceedings', including during the imposition of sentence." *United States v. Read,* 118 F.4th 1317, 1321 (11th Cir. 2024). "Concerns about due process arise when a sentence in the written judgment conflicts with the oral pronouncement. [Citation omitted] A district court ordinarily 'cannot add to the defendant's sentence in a written judgment entered after the sentencing hearing' because doing so would impose a sentence outside the defendant's presence." *Id.* at 1321-22, *quoting United States v. Rodriguez,* 75 F.4th 1231, 1246-47 (11th Cir. 2023).

3

"Due process concerns arise when a district court's in-court pronouncement of a sentence differs from the judgment that the court later enters." *Rodriguez, supra,* at 1247. As the Eleventh Circuit explained in *Rodriguez,* "'[i]ncluding a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is tantamount to sentencing the defendant *in absentia*' and thus offends due process." *Id.*

This same due process analysis applies when, as in this case, "a district court imposes in a written sentence a discretionary condition that it did not announce at the sentencing hearing." *Id.* at 1248. As the Eleventh Circuit held in *Rodriguez,* ""[t]he omission of such a condition" from the oral pronouncement of sentence "violates principles of due process because the defendant was denied an opportunity to be heard on the discretionary condition by, for example, 'disput[ing]' that the condition 'is necessary' or arguing that it should take another form." *Id.*

Based on these due process requirements, the Eleventh Circuit stated in *Rodriguez* very directly "[w]e hold that a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release – that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Id.* at 1246. Accordingly, when, as here, a district court imposes in the written judgment a special condition of supervised release that was not mentioned in

the oral pronouncement of sentence the written judgment must be corrected to conform to the oral pronouncement of sentence. *Hodgson, supra,* at *4 (remanding "for the district court to correct the written judgment to conform with the oral pronouncement of sentence" where "the district court at sentencing orally and unambiguously imposed one set of supervised release conditions … and included in its written judgment an additional set of discretionary conditions that were not mentioned at sentencing"); *Valero, supra,* at *4 (remanding "for the district court to correct the written judgment to conform with the oral pronouncement of sentence" where "the district court at sentencing orally and unambiguously imposed one set of supervised release conditions … and included a different set of conditions in its written order"); *Gonzalez, supra,* at *3-4 (remanding "with instructions that the district court enter an amended judgment that conforms to its oral pronouncement at sentencing" where "the district court erred in imposing a special condition related to the use of financial credit in its written judgment that was inconsistent with the oral pronouncement of the sentence").

## ARGUMENT

As shown by the Court's oral pronouncement of sentence attached as **Exhibit 2**, the Court said nothing in its oral pronouncement about the Probation Office "assisting in the collection of additional devices located at the defendant's parents' house." Instead, that provision was improperly

5

smuggled into the judgment by someone other than the Court. Accordingly, under clear and binding Eleventh Circuit precedent, Special Condition 8 must be deleted from the judgment – either by this Court now or by this Court later after the judgment is remanded by the Eleventh Circuit for that purpose.

In addition to the fact that Special Condition 8 violates Defendant's due process rights, as explained above, it also violates the constitutional rights of James Adducci and Elizabeth Adducci, who have committed no crime and are not subject to the supervision of the United States Probation Office. For example, although John Adducci has limited Fourth Amendment rights while in prison and while on supervised release, his parents have the full Fourth Amendment protections of every American and are not subject to searches by U.S. Probation.

Finally, as a practical matter, there is no need for Special Condition 8, a point which could have been made at the sentencing hearing if this condition had been discussed. John Adducci moved out of his parents' home several years before he moved to Ft. Myers in 2017 and, as the Government argued at the sentencing hearing, he brought his electronic devices with him to Ft. Myers. Therefore, not only does Special Condition 8 violate John Adducci's due process rights and his parents' Fourth Amendment rights, it is also completely unnecessary.

Defendant Adducci requests that the Court amend his judgment on or before Monday April 6, 2026 so that he will not need to appeal the judgment in order to have Special Condition 8 removed at the direction of the Eleventh Circuit.

Dated: April 1, 2026

Respectfully submitted,

/s/ Kevin Darken
**KEVIN DARKEN**
Florida Bar No.: 90956
kdarken@jpfirm.com
**TODD FOSTER**
Florida Bar No.: 0325198
tfoster@jpfirm.com
**JOHNSON POPE BOKOR**
**RUPPEL & BURNS**
400 N Ashley Drive, Suite 3100
Tampa, FL 33602
Telephone: (813) 225-2500
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the Middle District of Florida on this 1st day of April 2026 by uploading it to the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Kevin Darken
**KEVIN DARKEN**

7

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

**v.**

**JOHN JAMES ADDUCCI**

_____

**Case Number: 2:25-cr-131-SPC-NPM**

**USM Number: 92883-511**

**Kevin J. Darken, Retained**
**Todd Alan Foster, Retained**
**Johnson Pope Bokor Ruppel & Burns**
**400 N Ashley Drive**
**Suite 3100**
**Tampa, FL 33602**

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One and Two of the Superseding Information. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | Possession and Access with Intent to View Prepubescent Child Pornography | June 25, 2025 | One |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Receipt of Prepubescent Child Pornography | December 13, 2023 | Two |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**The underlying Indictment and Superseding Indictment are dismissed on motion of the government.**

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

March 23, 2026

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

March 24, 2026

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John James Adducci
2:25-cr-131-SPC-NPM

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **144-MONTHS. This term consists of a 144-month term as to Counts One and Two, all such terms to run concurrently.**

**The Court makes the following recommendations to the Bureau of Prisons:**

1. **Participate in mental health treatment and sex offender treatment while at BOP. Priority of Court's recommendation is first for placement at a facility that can address defendant's mental health needs.**

2. **Incarceration at (1) Coleman FCI, or (2) FCI Jesup (Georgia). BOP to determine the security level of facility for which defendant qualifies.**

Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John James Adducci
2:25-cr-131-SPC-NPM

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **LIFE. This term consists of a life term as to Counts One and Two, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, you must submit to random drug testing not to exceed 104 tests per year.
4.   Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5.   Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
6.   Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**John James Adducci**
**2:25-cr-131-SPC-NPM**

## STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1.  Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3.  Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4.  Defendant must answer truthfully the questions asked by Defendant's probation officer
5.  Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7.  Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so.  If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity.  If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction.  The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____        Date:_____


AO 245B (Rev. 09/19) Judgment in a Criminal Case

John James Adducci
2:25-cr-131-SPC-NPM

## SPECIAL CONDITIONS OF SUPERVISION

1.  Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2.  Defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3.  Defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by Defendant's probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct Defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4.  Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

5.  Defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

6.  Defendant, without prior written approval of the probation officer, shall not possess or use a computer with access to any online service at any location (including employment), a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, defendant is prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, defendant must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third-party, including your employer, defendant must inform the third party of this restriction, including the computer inspection provision.

7.  Defendant shall submit to a search of Defendant's person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

8.  United States Probation Office to assist in the collection of additional devices located at the defendant's parents' house.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

John James Adducci
2:25-cr-131-SPC-NPM

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | WAIVED | WAIVED | WAIVED | *Deferred* |

**The determination of restitution is deferred until June 8, 2026. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.**

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| TBD | TBD |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Superseding Information (Doc. 49) and Order of Forfeiture (Doc. 70), that are subject to forfeiture.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

# EXHIBIT 2

260323ADD25CR131E          Excerpt

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - FORT MYERS DIVISION
--------------------------------x
UNITED STATES OF AMERICA,

          v.                              2:25-cr-131-SPC-NPM

JOHN JAMES ADDUCCI,
                                          Sentencing Excerpt
              Defendant.
--------------------------------x
                                          March 23, 2026
                                          9:31 a.m.

Before:

                    HON. SHERI POLSTER CHAPPELL,

                                          District Judge


                            APPEARANCES

UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT OF FLORIDA
        2110 First Street, Suite 3-137
        Fort Myers, FL  33901
BY:  YOLANDE G. VIACAVA, Assistant United States Attorney


JOHNSON POPE BOKOR RUPPEL & BURNS
        Attorneys for Defendant
        400 N. Ashley Drive, Suite 3100
        Tampa, FL  33602
BY:  KEVIN J. DARKEN
        TODD A. FOSTER


ALSO PRESENT:  NICK STEVENS, United States Probation Officer


                    Michael McDaniel, RMR, FCRR
                    Official Court Reporter
                        2110 First Street
                    Fort Myers, Florida 33901
                  michael_mcdaniel@flmd.uscourts.gov
                        (239) 461-2064

            Proceedings recorded by machine shorthand
        Transcript produced by computer-assisted transcription

                    United States District Court
                    Middle District of Florida

260323ADD25CR131E          Excerpt                                2

(At the request of the ordering party, this transcript excerpt contains the pronouncement of judgment and sentence through the end of the sentencing proceedings.)

(Defendant present, 11:22 a.m.)

THE COURT:  All right.  Then Mr. Adducci, if you would stand with counsel.

The Court has asked the defendant why judgment should not now be pronounced, and after hearing the response, I don't find any cause to the contrary.

I have listened to your statement, Mr. Adducci.  I have listened to the arguments of counsel.  I have also viewed the videotaped statements of your parents.  I have actually read the transcript in regard to those statements as well.  Any letters that were attached, I reviewed those.  I did carefully read over the psychologists' reviews, their statements, their documentation, the defendant's sentencing memo, any supplemental authority that was provided, and just basically the entire file. So if I forgot something, it's not that I didn't review it.  I have taken a lot of time in going through this.

I have also reviewed the government's sentencing memo and the victim impact statements on the other side of the coin. I have looked at all of that information as well.  There was an extensive amount of information to take in from this case, the final presentence report and the like.

In looking at what the appropriate sentence is in this

United States District Court
Middle District of Florida

260323ADD25CR131E                Excerpt                           3

case, as I told you earlier, we had to determine what the advisory guideline range is. And the Court ruled on those issues. The government has a right to appeal the Court's decision if it wants to do so. I have made my best decision on what I saw in the law, and for now that is where the guidelines stand.

The Court also has to look at the Section 3553(a) factors. And your attorney outlined a lot of those, as did the government, and I'm sure that he has talked to you about those, those being the nature and circumstance of the offense, the history and characteristics of your history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the laws, to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and so on and so forth, also, avoid unwanted sentencing disparities, provide restitution to victims, there's any number of factors. So the Court has looked at all of that in determining the appropriate sentence in this case.

As to your history and characteristics, the Court is aware of your recent diagnosis for autism. As I said, I read Dr. Keating's report and I listened to your counsel's argument of the significance of your autism diagnosis in this case. Counsel argued that you had hoarding tendencies based upon your autism and a recognition or lack of recognition as to why what you were doing was wrong. Counsel also talked about the

260323ADD25CR131E            Excerpt                                4

vulnerabilities based upon Dr. Nagle's statement that you may suffer in the Bureau of Prisons. And I have considered all of those things.

The Court also, in looking at the Section 3553(a) factors, looks at the seriousness of the offense. As Ms. Viacava indicated, this is the largest collection of child pornography that has ever come before this Court, much less this particular division of the Middle District.

Over the period of time that you have been amassing this large collection of child pornography, the Court is aware that you also had these prior instances. Although the Court did not enhance your specific offense characteristic by five levels, the Court still can take into consideration those instances of conduct where you did, in fact, have sexual relations while you were over 18 with individuals under the age of 18, about 15 years old.

The large number of images, over half a million files, it's an astronomical amount of files, an astronomical frame count of videos and images that you took off of -- some off dark web. It is hard to believe an individual such as yourself would not understand the impact of the photographs and the videos and understand that they were wrong, what was happening there was wrong when babies, toddlers, prepubescent children were being sexually abused in those photographs and videos.

So the Court does not put a lot of stock in the fact

260323ADD25CR131E            Excerpt                          5

that your autism -- in those specific instances, that you did not know that that was wrong. You were, in fact, living by yourself away from your family, away from Illinois where you grew up. You held down numerous full-time jobs, taking care of yourself and supporting yourself through the years.

The Court does not find, based upon the Section 3553(a) factors, that a sentence of five years is reasonable. This is a serious offense. There was a large collection of child pornography. And it also speaks to the fact that you were collecting images and doing these things while you, in fact, had the prior offense where you were on some supervision and were also committing additional offenses.

The number of images counsel spoke about as far as the cap of five levels, and you received the most levels for that, contemplating just more than 600 images, and as the Court said, there were a half a million images.

Also, the number of devices that you had, 40 electronic devices, and many, many thumb drives and hard drives and ways of recording photographs and images and keeping them.

So for all of those reasons, and looking at all of the information, the Court has been able to decide what it believes is the appropriate sentence.

Your attorney did file with the Court a number of cases as to judges who varied below the sentencing guidelines based upon a number of factors, autism, the fact that some of

United States District Court
Middle District of Florida

260323ADD25CR131E          Excerpt                                    6

these characteristics, as far as computers, that most people are using computers, most individuals have a number of images that they're holding and the like, and that is another reason, based upon your counsel, that the Court should vary from the guidelines. He also cited to the percentages in the Middle District of Florida. And I can only speak to how I handle these cases, what I see, and what I have been able to articulate here today during the course of the sentencing.

That being the case, pursuant to Title 18, United States Code, Section 3551 and 3553, the Court does believe that the sentence needs to reflect the seriousness of the offense, promote respect for the laws, provide just punishment for the offense, and to specifically as well afford adequate deterrence from future criminal conduct.

It is the judgment of the Court that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 144 months. This term consists of 144 months on Counts One and Two, all terms to run concurrently.

Upon release from custody, you will serve a life term of supervised release. The term consists of life on Counts One and Two, all such terms to run concurrently.

While on supervised release, you will need to comply with the mandatory and standard conditions adopted by the Court in the Middle District, which could be found in Section 5D1.3(a) and (c) of the sentencing guidelines.

260323ADD25CR131E          Excerpt                    7

In addition, there's a number of special conditions. You will need to participate in a mental health treatment program, outpatient and/or inpatient, follow the probation officer's instructions regarding the implementation of the Court's directive. Further, you will need to contribute to the cost of those services not to exceed an amount determined reasonable by the probation officer's sliding scale for mental health treatment services.

While in the Bureau of Prisons, I would ask that they place you in any type of mental health counseling and treatment specifically specializing in sexual offender treatment. Once you are released, submitting to polygraph testing for treatment and monitoring purposes, and participating there as well in mental health programs specializing in sex offender treatment. You will need to follow the probation officer's instructions regarding the implementation of the Court's directive. Further, you will need to contribute to the cost of those services not to exceed an amount determined reasonable by the probation officer's siding scale for those treatment services.

You will need to register within the state sexual offender registration agency in any state where you reside, you visit, you're employed, you carry on a vocation, or you're a student, as directed by the probation officer.

The probation officer shall also provide state officials with all information required under the Florida Sexual

United States District Court
Middle District of Florida

260323ADD25CR131E                Excerpt

8

Predator and Sexual Offender Notification and Registration statutes, as well as the Sex Offender Registration and Notification Act, which is the Adam Walsh Child Protection and Safety Act.  And they also may direct you to report to the agencies personally if they require any additional processing, such as photographing, fingerprinting, or DNA collection.

You will have no direct contact with minors under the age of 18 without the written approval of the probation officer. And you will need to refrain from entering into any area where children frequently congregate, including schools, daycare centers, theme parks and playgrounds.

You are prohibited from possessing, subscribing to, or viewing any images, videos, magazines, literature or other materials depicting children in the nude and/or in sexually explicit positions.

Without prior written approval of your probation officer, you are prohibited from either possessing or using a computer, including a smartphone, a handheld computer device, a gaming console, or any electronic device capable of connecting to an online service or an internet service provider.  This prohibition also includes a computer at a public library, an internet cafe, your place of employment, or an educational facility.  Also, you're prohibited from possessing any electronic data storage medium, including flash drives, compact disks, floppy disks, or using any data encryption technique or

260323ADD25CR131E          Excerpt                                    9

program.

If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with the condition. If the condition might affect a third party, including an employer, then you will need to inform the third party of the restriction, including the computer inspection provision.

You shall also submit to a search of your person, your residence, your place of business, any storage units under your control, your computer or your vehicle, all conducted by the United States Probation Officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You will need to inform any other residents that the premises may be subject to a search pursuant to this condition. If you fail to submit to a search, it could be grounds for revocation.

Having been convicted of a qualifying felony, you will need to cooperate in the collection of DNA, as directed by the probation officer.

The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, you must submit to random drug testing not to exceed 104 tests per year.

260323ADD25CR131E             Excerpt                    10

Obviously, if you continue to test negative, then probation can address that with the Court and/or test less during the course of that time.

The determination of restitution is deferred, pursuant to Title 18, United States Code, Section 3664(d)(5).  The date has been set.  The defendant has waived his presence for the purpose of the hearing, and I believe he has done so knowingly and voluntarily.

Based upon your financial status, I am going to waive the imposition of any additional fine.  I'm also going to waive the assessment pursuant to Title 18, Section 2259(a), that is that AVAA assessment that could have been up to -- I think it could have been $17,000.  I am not going to impose that because I find that you would not have the ability to pay.

As to the forfeiture matters, the Court is going to order the prior forfeiture that the Court had ordered be included in the judgment, and that you consider the abandonment of the additional 22 hard drive devices which can be discussed then with the Court at the restitution hearing, or if there is a stipulation, a stipulation to actually abandoning those items as well.

It is further ordered that you pay the United States a special assessment totaling $200, which is due immediately. That is because of the plea to the two counts.

After considering the advisory sentencing guidelines

United States District Court
Middle District of Florida

260323ADD25CR131E          Excerpt                                    11

and all of the factors identified in Title 18, United States Code, Section 3553(a)(1) through (7), I do find that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

In determining the length of supervised release and the conditions imposed, I have considered the advisory guidelines, the policy statements issued by the Sentencing Commission, as well as the factors identified in Title 18, United States Code, Section 3553(a), except for any factors set forth in (a)(2)(A) and (a)(3). I believe that the lengthy term of supervised release is appropriate not only to address any type of mental health issues but also specifically those sexual abuse issues as well. The Court also finds that it is appropriate because of your tendency to have as many devices and things as you had that probation will need to oversee that process as well.

There was an indictment and a superseding indictment, is that correct, or was there the -- I just want to make sure.

MS. VIACAVA: Your Honor, yes, there was an indictment, a superseding indictment, and then we had the superseding information.

THE COURT: So are you asking then that the underlying indictment and superseding indictment be dismissed?

MS. VIACAVA: Yes, your Honor.

THE COURT: All right. Thank you.

United States District Court
Middle District of Florida

260323ADD25CR131E        Excerpt                                12

Having taken care of all of that, the Court, having pronounced sentence, does counsel for the defendant or the government have an objection to the sentence or the manner in which the Court has pronounced it?

MS. VIACAVA: For the record, the government would object to the sentence imposed as being both procedurally and substantively unreasonable in this case.

THE COURT: So noted.

Counsel?

MR. DARKEN: Your Honor, I appreciate the Court's attention and I understand that this is a within-the-guideline-range sentence. I don't know that he's going to appeal, but for purposes of just preserving the record, we object to the reasonableness of the sentence.

THE COURT: Understood. And that will be noted.

You do have the right, Mr. Adducci, to appeal from the judgment and sentence of this Court within 14 days from the date of the entry of the judgment. If you fail to appeal within that 14-day period of time, it will be a waiver of your right to appeal. As I indicated earlier, the government does have a right to appeal the sentence if they wish to do so. They can also appeal the Court's ruling on the issue of the enhancement.

You are also advised that you're entitled to the assistance of counsel if you wish to take an appeal. If you cannot afford counsel, I will appoint counsel to represent you.

260323ADD25CR131E              Excerpt                                    13

If you cannot afford the filing fee, the Clerk of Court will be directed to accept the notice of appeal without the filing fee.

As to the recommendation, the Court would recommend the Coleman facility. It will be up to the Bureau of Prisons to decide whether or not he would be housed in the Low area of Coleman. The Court would also recommend, as a second option, FCI Jesup. But it is the Court's main recommendation that the defendant be placed in a facility where he can get the appropriate mental health counseling as well as the counseling for the sexual abuse issues that are within this case.

Anything further from either side?

MS. VIACAVA: Your Honor, the only thing the government would ask about is the exhibits we introduced. Is the Court going to seal those exhibits or would you rather we provide redacted copies of those exhibits?

THE COURT: They need to be redacted. Is there any objection to that, or would you ask that -- would you rather have them sealed? I don't have a particular --

MR. DARKEN: I don't care, your Honor.

THE COURT: Okay. You can go ahead and redact them.

MS. VIACAVA: Would the Court want to provide those to the government?

THE COURT: Yes.

MS. VIACAVA: With that being said then, the images would no longer be available. I think they were sufficiently

260323ADD25CR131E          Excerpt                              14

described.

THE COURT: Yes, thank you.

(Documents handed)

MR. DARKEN: Your Honor, the FCI Jesup recommendation, I don't know if the Court would be this specific or not, we were specifically asking for the FCI Jesup Federal Satellite Low security facility. There's a medium security facility I think at FCI Jesup. We're asking for the -- it's called FSL, Federal Satellite Low.

THE COURT: That would be up to the Bureau of Prisons to determine whether or not he fits within the criteria for the low security at either Coleman or at Jesup. And obviously, if that is their determination, that is entirely up to them. I just want the defendant to get whatever treatment and anything else that he can in the facility.

MR. DARKEN: Thank you, your Honor.

THE COURT: Then we'll be in recess on the proceedings. The defendant is remanded to the custody of the Marshals Service at this time.

(Adjourned 11:45 a.m.)

* * *

United States District Court
Middle District of Florida

260323ADD25CR131E          Excerpt                                          15

C E R T I F I C A T I O N

I, Michael McDaniel, United States Official Court Reporter, Registered Merit Reporter, and Federally Certified Realtime Reporter, was authorized to and did attend the foregoing proceedings and stenographically recorded the same.  The transcript contained within this volume is a true and accurate transcription of those proceedings, which has been produced from stenographically-generated notes and transcribed with the assistance of computer-aided transcription.

*Michael McDaniel*
Michael McDaniel, RMR, FCRR
Official Court Reporter
March 27, 2026

United States District Court
Middle District of Florida